**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4705**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CAMRON B. WITKOWSKI, a/k/a Cameron B. Witkowski,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Chief District Judge. (2:13-cr-00094-RBS-DEM-4)

Submitted: April 25, 2017                                 Decided: April 27, 2017

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Appellant Attorney, Andrew Grindrod, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Randy Carl Stoker, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Camron Witkowski appeals from the district court's order revoking his supervised release and imposing a 15-month sentence. Counsel has filed an *Anders v. California*, 386 U.S. 738 (1967), brief stating that there are no meritorious issues for appeal, but questioning whether Witkowski's sentence was plainly unreasonable. Witkowski was notified of his right to file a pro se supplemental brief, but has not done so. The Government has declined to file a response brief. We affirm.

We discern no error in the district court's decision to impose a 15-month sentence followed by a 45-month term of supervised release. This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 438-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual Ch. 7, Pt. B (2015), and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. § 3583(e) (2012) and 18 U.S.C. § 3553(a) (2012), the district court ultimately has broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum. *Crudup*, 461 F.3d at 438-39. A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter 7 advisory policy statements and the § 3553(a) factors it is permitted to consider in a supervised release revocation case. *See* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439-40. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory

2

maximum.  *Crudup*, 461 F.3d at 440.  Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable."  *Id.* at 439 (emphasis omitted).

We have carefully reviewed the record and *Anders* brief and conclude that Witkowski's sentence is not plainly unreasonable.  In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment order.  This court requires that counsel inform Witkowski, in writing, of the right to petition the Supreme Court of the United States for further review.  If Witkowski requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Witkowski.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*